## SECURITIES AND EXCHANGE COMMISSION, Plaintiff,

### v.

## KNOXVILLE, LLC, et al., Defendants.

### No. 3:95–cv–0047.

United States District Court,
E.D. Tennessee,
at Knoxville.

April 4, 1995.

Kevin P. O'Rourke, S.E.C., Washington, DC, for plaintiff.

Kenneth W. Holbert and Ron Cunningham, Finkelstein, Kern, Steinberg & Cunningham, Knoxville, TN, for defendants.

## MEMORANDUM OPINION

JORDAN, District Judge.

This civil action is before the court for consideration of the plaintiff SEC's motion for sanctions [doc. 8] against attorney Kenneth W. Holbert, his law firm Finkelstein, Kern, Steinberg & Cunningham, the defendant Steven J. Moran, and the defendant Mark Maradei. The court has considered the plaintiff's counsel's declaration in support of its motion [doc. 9], its brief in support of its motion [doc. 10], the responses of the defendants Messrs. Moran and Maradei [doc. 11] and of their attorneys [doc. 12], the brief in support of these responses [doc. 13], and the plaintiff SEC's reply brief [doc. 14]. The court heard oral argument concerning this matter on Friday, March 24, 1995, and is now prepared to rule on the issues presented.

This civil action was commenced as a miscellaneous proceeding when the defendants Messrs. Moran and Maradei moved to quash a subpoena which the plaintiff SEC had served on these defendants' attorneys, Finkelstein, Kern, Steinberg & Cunningham ("the Finkelstein law firm"). In its order filed on January 25, 1995 [doc. 5], the court, after hearing argument, ruled that the motion to quash should be denied on the ground that the defendants' attorneys could not invoke a blanket attorney-client privilege with respect to all pertinent documents in their possession. The court ordered the law firm to comply with Fed.R.Civ.P. 45 in asserting a privilege with respect to any particular document in its possession.

The declaration of counsel for the SEC, Mr. O'Rourke, and the exhibits to this declaration [doc. 9], show certain undisputed facts. In July 1994, the SEC obtained extraordinary relief in the United States District Court for the Southern District of California against the defendants Messrs. Moran and Maradei, restraining them from selling unregistered securities consisting of units in Knoxville, LLC, and freezing their assets. The SEC suspected that the defendant Mr. Moran had used some of the proceeds of the sale of the unregistered securities to purchase an automobile, title to which was held by a trust with the same address as the Finkelstein law firm. It therefore issued the subpoena which provoked the motion to quash which initiated this civil action.

After the issuance of the subpoena, attorney Holbert telephoned attorney O'Rourke, and requested an extension of time within which to respond to the subpoena. These attorneys agreed to an extension of time, and Mr. O'Rourke asked Mr. Holbert to provide to the SEC a list of documents claimed to be privileged, in accordance with Rule 45(d)(2). Instead, the Finkelstein law firm filed its motion to quash.

On January 27, 1995, after the court's January 25 hearing at which the court denied the motion to quash, Mr. Holbert communicated by letter to Mr. O'Rourke. Of 52 documents in the Finkelstein law firm's files to be produced in response to the SEC's subpoena, only two were claimed to be privileged. In his letter, attorney Holbert advised that the automobile sought by the SEC had been owned by a trust for the benefit of the Moran children, that Mr. Holbert, as trustee of the trust, had sold the automobile in light of the assertion that Mr. Moran was wrongfully using the automobile "and to avoid its further depreciation," that Mr. Holbert had resigned from the position of trustee of the trust for the benefit of the Moran children, and that in spite of Mr. Holbert's recommendation that Mr. Moran appoint Mr. Moran's mother as successor trustee, Mr. Moran had "elected to appoint himself."

Other uncontroverted evidence submitted by counsel for the SEC shows that attorney Holbert sold the automobile in question to a dealer in Carlsbad, California, for a sale price of $50,000.00, that the sale price was paid by a cashier's check made payable to the order of Kenneth Holbert Trustee for the Steven J. Moran Family Trust, and that Mr. Holbert

endorsed this check, "Pay to the order of Steven J. Moran, Successor Trustee for the Steven J. Moran Family Trust." The sale was made after Mr. Holbert's receipt of a January 10, 1995, letter from Mr. Moran, in which the latter, "[a]s per the rights retained by me as the Trustor under the referenced Trust," suggested that the trustee sell the automobile to Hoehn Motors, Inc., for $50,-000.00. The trustee, attorney Holbert, arranged for Mr. Moran to handle the exchange of documents for the check delivered by the automobile dealer.

This sale was made before the January 25 hearing, but attorney Holbert did not mention it to attorney O'Rourke until January 27. On January 30, attorney Holbert again wrote to attorney O'Rourke, and produced more documents, including, for the first time, the certificate of title to the automobile sought by the SEC. This certificate showed the owner of the automobile to be the Stevens Family Trust.

In responding to the SEC's motion for sanctions, and at oral argument, attorney Holbert, and counsel for the Finkelstein law firm (Mr. Cunningham of that firm) indicated that in acting as he did, Mr. Holbert was complying with the instructions of the client, Mr. Moran, and was complying specifically with this client's wishes to assert the attorney-client privilege and to invoke the Fifth Amendment privilege against self-incrimination. With respect to the automobile sought by the SEC, these attorneys explained that it was owned by the family trust and leased by the trust to a corporation wholly owned by the trust, which had been created to give the trust a source of income. However, Mr. Holbert conceded that the corporate lessee had never paid the trust for use of the automobile during the period of time before this trustee sold it, and that he had never sought instructions from a Tennessee chancery court, the court having trusts jurisdiction, concerning what to do with respect to disposition of this trust asset and the delivery of trust assets to a successor trustee. Mr. Holbert defends his conduct on the basis in part of his lack of familiarity with the law governing the attorney-client privilege and the constitutional privilege against self-incrimination.

In reply to attorney Holbert's and the Finkelstein law firm's arguments, the SEC has informed the court that in the proceedings in California, the SEC has been able to recover about $37,000.00 from Mr. Moran, leaving about $13,000.00 of the proceeds of the sale of the trust's automobile yet to be paid over.

The court finds and concludes that attorney Holbert and the Finkelstein law firm, in moving to quash the SEC's subpoena, violated the requirements of Fed.R.Civ.P. 11(b) that such a motion not be filed for any improper purpose, such as to cause unnecessary delay, and that such a motion be warranted by existing law. In responding to the SEC's subpoena on behalf of Messrs. Moran and Maradei, attorney Holbert and his law firm made a blanket assertion of an attorney-client privilege clearly in contravention of the procedure called for by Rule 45, and clearly unjustified factually, as is shown by the fact that only two of 52 documents were ultimately claimed to be protected by the privilege. Minimal research would have revealed that whatever privilege against self-incrimination Mr. Moran might have had with respect to documents within the scope of the SEC's subpoena, that privilege did not extend to documents possessed by his attorneys. *See Fisher v. United States*, 425 U.S. 391, 96 S.Ct. 1569, 48 L.Ed.2d 39 (1976).

Counsel's protestations that they were unfamiliar with the law concerning privilege and especially that concerning the constitutional privilege against self-incrimination provide no excuse or defense in this case. Counsel were under a duty to comply with the subpoena, which was an order of the court, to the fullest limit consistent with any applicable privilege, and if they were unsure of the applicability and extent of any privilege, they were under an obligation to become familiar with this body of law, or to seek expert counsel. *See* Rule 8 of the Rules of the Supreme Court of the State of Tennessee, Canon 6 and DR 6–101.[1]

---

1. "The Code of Professional Conduct adopted by     the Supreme Court of Tennessee is hereby

The undisputed facts show that between the SEC's initial demand for the production of documents and this court's ruling on the motion to quash, attorney Holbert took advantage of the delay obtained by the motion to quash to transfer the family trust's automobile in accordance with Mr. Moran's suggestions, which were followed as if they were instructions, to transfer the proceeds of the sale of the automobile to Mr. Moran, and to divest himself of his own fiduciary duties as trustee of the trust. At the hearing on the SEC's motion to quash, attorney Holbert was candid about the fact that the SEC's subpoena had caused him some concern about his exposure to liability as the trustee of this trust, and that service of the subpoena had motivated him to seek to terminate his fiduciary obligations as soon as possible.

The court cannot, given the facts and circumstances shown by the undisputed evidence in this record, find any well-grounded, good-faith[2] justification for the motion to quash filed in this case. Applying the objective standard of reasonableness under the circumstances, which Rule 11 requires, *see Jackson v. Law Firm of O'Hara, Ruberg, Osborne and Taylor, supra* n. 2, the court concludes that attorney Holbert and the Finkelstein law firm violated the rule by filing a motion to quash which was not warranted by existing law or a good-faith argument for extension or modification of existing law, and that the motion was filed for the improper purpose of delaying compliance with the subpoena, for the purposes in turn of disposing of the trust's automobile and of allowing Mr. Holbert to end his tenure as the trust's trustee.

The court does not, however, find that either Mr. Moran or Mr. Maradei should be subjected to Rule 11 sanctions in this case. There is no evidence in the record concerning Mr. Maradei. The only evidence before the court concerning Mr. Moran is that which shows that attorney Holbert, in disposing of the trust's automobile, was acting in accordance with suggestions made by Mr. Moran

as trustor. Furthermore, the precise act which violated Rule 11 in this case was the filing of the motion to quash, which is signed only by attorney Holbert, as an attorney in the Finkelstein law firm. Rule 11(b) creates a certification on the basis of the signing of a pleading, written motion, or other paper by "an attorney or unrepresented party".

With respect to Mr. Holbert and his law firm, "[o]nce a district court finds that an attorney has violated Rule 11, it is required to impose some sanction." *Jackson v. Law Firm of O'Hara, Ruberg, Osborne and Taylor, supra,* 875 F.2d at 1229 (citations omitted). The court, however, has wide discretion in selecting the appropriate sanction. *Id.* (citations omitted).

With the principal goal of deterrence in mind, *id.,* the court concludes that it would not be appropriate to impose on attorney Holbert or on the Finkelstein law firm any sanction measured by the $13,000.00 which remains to be recovered from the proceeds of the sale of the trust's automobile. The plaintiff SEC has already enjoyed some success in California in recovering from Mr. Moran the proceeds of the sale of the automobile. The court concludes that it is better to leave the SEC to its remedies in that forum, in which the plaintiff can attempt to trace the proceeds of the unlawful securities offering.

The court concludes that the interests of deterrence and of justice would be served by requiring attorney Holbert and the Finkelstein law firm, jointly and severally, to pay to the SEC its reasonable costs and expenses incurred in this civil action, and an amount which would equal reasonable fees for the work of the plaintiff's attorneys who have represented the SEC in this civil action. This entire litigation was initiated by the filing of the motion to quash; had attorney Holbert and the Finkelstein law firm complied with Mr. O'Rourke's reasonable request to produce a list of responsive documents with respect to which the attorney-client

---

adopted as rules of professional conduct insofar as they relate to matters within the jurisdiction of this court." L.R. 83.6, E.D.Tenn.

2. The court is mindful that under Rule 11, "an attorney's good faith is not a defense." *Jackson v. Law Firm of O'Hara, Ruberg, Osborne and Taylor,* 875 F.2d 1224, 1229 (6th Cir.1989).

privilege was claimed, these parties would not have had to appear in this court in this case. Mr. Holbert and the Finkelstein law firm having used the pending motion to quash to permit the trust to dispose of the asset in which the SEC was interested, it is only fair that the sanction also include the plaintiff's costs and expenses, and the value of its attorneys' time, incurred in seeking sanctions under Rule 11. The court finds that the SEC has acted expeditiously throughout this litigation, that it has not taken any frivolous position in this litigation, and that its attorneys have not done more in this case than was reasonably necessary to protect the SEC's legitimate interests.

The court will therefore require the SEC to submit evidence of its costs, expenses, and the amount of its attorneys' time expended in this civil action, as well as evidence of "the rate prevailing in the community for attorneys practicing in the field of law involved in the particular case." *Jackson v. Law Firm of O'Hara, Ruberg, Osborne and Taylor, supra*, 875 F.2d at 1232 n. 1 (citation omitted). Mr. Holbert and the Finkelstein law firm have not raised a question of their ability to pay a monetary sanction, but the court will allow them, in responding to the material which the SEC will file, to submit a showing that they are unable to pay the amount claimed, or that, for another reason or reasons, the court's objective could be accomplished by the imposition of a smaller sanction.

The court will enter an order in accordance with this memorandum opinion.

### ORDER

For the reasons stated in the court's memorandum opinion filed simultaneously with this order, the court finds the plaintiff Securities and Exchange Commission's motion for sanctions [doc. 8] well taken in part under Fed.R.Civ.P. 11, and it is **GRANTED IN PART**. The court will impose a sanction in this case by requiring attorney Kenneth W. Holbert and his law firm Finkelstein, Kern, Steinberg & Cunningham, jointly and severally, to pay to the plaintiff Securities and Exchange Commission its reasonable costs and expenses incurred in this civil action, and an amount equal to reasonable fees for the work of the plaintiff's attorneys who have represented the plaintiff in this civil action.

The plaintiff is **ORDERED** to file, within 20 calendar days after the date of the filing of this order, a statement of its costs, expenses, and the amount of its attorneys' time expended in this civil action, as well as evidence of the rate prevailing in this community for attorneys practicing in the field of law involved in this case. Attorney Kenneth W. Holbert and Finkelstein, Kern, Steinberg & Cunningham shall have 20 calendar days after the filing of this material within which to file a response or responses.